[Sac. No. 2866.  In Bank.—January 2, 1919.]

SAN JOAQUIN AND KINGS RIVER CANAL AND IRRIGATION COMPANY, INC. (a Corporation), Respondent, v. JAMES J. STEVINSON (a Corporation), Appellant.

PLACE OF TRIAL—LOCAL PREJUDICE—NUMBER OF AFFIANTS NOT CONTROLLING.—On a motion for a change of place of trial of a civil action upon the ground that the plaintiff could not have a fair and impartial trial in the county in which the action is pending, the numbers of affiants or of affidavits is not the determining factor or proper measure of the rights of the parties.

ID.—ORDER CHANGING PLACE OF TRIAL—DISCRETION NOT ABUSED.—An order granting a motion for the change of place of trial of a civil action on the ground of local prejudice will not be disturbed on appeal where the case was tried three times and the judge who made the motion had presided at all of such trials and no showing was made that he was personally prejudiced.

Id.—Transfer to Adjacent County—Discretion not Abused.—An order changing the place of trial of an action to condemn water for irrigation purposes to an adjacent county, the county seat of which is farther removed and less accessible than the county seats of the other adjacent counties, is not an abuse of discretion, where the county to which the action was changed, is topographically less suited to the development of extensive systems of irrigation than the other adjacent counties, and its residents who might be called upon to do jury duty not affected by those problems and prejudices which arise and persist where large corporations operate in the control of waters and the extension of irrigation systems with frequently conflicting interests and claims.

APPEAL from an order of the Superior Court of Merced County granting a motion for change of place of trial.   E. N. Rector, Judge.   Affirmed.

The facts are stated in the opinion of the court.

James F. Peck, McWilliams & Hatfield, and Charles W. Byrnes, for Appellant.

Edward F. Treadwell, Short & Sutherland, and J. J. Griffin, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from an order granting the plaintiff's motion for a change of place of trial of this action from the county of Merced, upon the ground that the said plaintiff could not have a fair and impartial trial in said county of Merced.   The plaintiff's notice of said motion stated that "said motion will be made upon the records, papers, and files in the above-entitled action and upon the affidavit of J. F. Clyne, which is attached to this notice." The defendant, in resisting said motion, presented and filed twenty-two counter-affidavits.   In granting said motion the court made the following order: "For reasons given in the opinion of the court filed herein this day, motion of plaintiff for change of venue is granted and action is transferred to the county of Mariposa, State of California." The bill of exceptions prepared and settled for the purpose of an appeal from said order contains the plaintiff's said notice of motion for change of place of trial, the affidavit of J. F. Clyne attached thereto, the counter-affidavits presented and filed by

the defendant at the hearing upon said motion and in opposition thereto, the statement that "at said hearing, after the introduction of said affidavits the motion of plaintiff was argued and thereafter submitted to the court, and the court on the 10th day of January, 1917, made the following order"; then followed the order of the court above quoted, after which was the statement "that said order was made during the absence of the plaintiff and its attorneys from the court and the defendant excepts thereto: That no other or further proceedings were had upon said motion." It was stipulated by counsel for the respective parties that "the foregoing bill of exceptions is correct and may be settled." This bill of exceptions, accompanied by the notice of appeal, constitutes the transcript on appeal herein. The first contention of the appellant to be noticed upon the consideration of this appeal is its claim that this court, in the determination of its merits, is confined to the affidavits filed by the respective parties and presented upon the hearing on said motion, the basis of the appellant's contention in this regard being that the bill of exceptions shows that the only evidence introduced before the court upon the hearing of said motion was that of said affidavits, and affirmatively states "that no other or further proceedings were had upon said motion." In answer to this contention the respondent insists that in its notice of said motion it was stated that the same would be made "upon all the records, papers, and files in the above-entitled action," and that it was not necessary upon the hearing of said motion to introduce before the trial court said papers, records, and files in said action, for the reason that the trial court took judicial notice of its own papers, records, and files, and, hence, that the introduction of these in evidence would have been an idle and unnecessary formality. The difficulty presented to this court in attempting to determine this initial inquiry in the case is twofold, arising first out of the meagerness of the record before us, by reason of the entire absence therefrom of the pleadings, and, also, of any and all proceedings preceding the making of the motion for change of place of trial, except as glimpses of these pleadings and proceedings may be afforded us in the contents of the affidavits filed in support and resistance of said motion; and, arising second, out of the fact that whatever judicial notice the trial court may have been entitled to take, and may have taken, of its own "records, papers, and

files'' on the hearing of said motion, this court has no ''records, papers, and files'' in this action other than those embraced in the transcript on appeal herein. In the endeavor to resolve this difficulty, we have given the most careful consideration to the contents of the affidavits presented by the respective parties to said motion, and, having done this, we have arrived at the conclusion that there is sufficient stated therein to render it unnecessary to determine whether or not the trial court took judicial notice of its papers, records, and files, in arriving at the conclusion which it reached upon the merits of said motion. From those portions of the affidavit of J. F. Clyne presented in support of said motion which are introduced, we learn that this action was commenced during the year 1910, and was brought on to trial for the first time in the month of December of that year. That the action was one brought to condemn the use of a certain portion of the waters of the San Joaquin River for the use and benefit of the plaintiff in connection with its irrigation system, extending over a vast area, and supplying water to a large number of people owning and cultivating lands on the west side of the said San Joaquin River. That the defendant corporation was engaged in conducting an irrigation system on the east side of the San Joaquin River, using for that purpose a large amount of the water of said river. Its chief defenses to the action were that the proposed use for which the plaintiff intended to divert said water was not a public use, for the reason that a very large proportion of the stock of said plaintiff was owned and held by Miller & Lux, a private corporation, and that said water so sought to be diverted was intended to be used almost wholly upon the lands of the latter; and also that the appropriation of the amount of the waters of said river sought to be diverted by said plaintiff would so far deplete the water thereof available to and being used by the said defendant for the irrigation of lands upon the east side of said river as to greatly damage and decrease in value the holdings of the said defendant and of its water users upon the said east side of said river. Upon the first trial of said action, which lasted several days, the court, in the early part of January, 1911, granted a nonsuit upon the ground, apparently, that the plaintiff had not sufficiently proven that the water proposed to be taken was to be diverted to a public use. A second trial of the action was had in the month of May,

1913, when the cause was submitted to a jury, which rendered a verdict to the effect that the said property sought to be condemned was not necessary for a public use. This verdict was subsequently set aside by the trial judge as being contrary to the evidence, which ruling was sustained by the appellate court, whereupon the case was brought on to trial for a third time in the month of October, 1915, whereupon the jury returned a verdict assessing damages against the plaintiff in the sum of four hundred and twenty-five thousand dollars. This verdict was subsequently set aside by the trial judge as excessive and unsupported by the evidence, which order was later affirmed by the appellate court upon appeal. The same judge presided at these several trials who heard and granted the motion for a change of venue, from which the present appeal has been taken. So much for the affidavit of J. F. Clyne, presented in support of the motion for a change of place of trial, which stands uncontradicted in the record before us. In the remaining portions of the affidavit of said J. F. Clyne, which is contradicted by the counter-affidavits offered on behalf of the defendant upon said motion, it is set forth with a considerable amount of circumstance and detail, that a strong and widespread sentiment of prejudice exists among the people living and owning lands in said Merced County upon the east side of the said San Joaquin River against the said plaintiff, and against its proposed condemnation and diversion of any greater portion of the waters of said river than it is now diverting, for the irrigation of lands upon the west side of said river. That, as to the people within said county living and owning lands upon the west side of said river, they are practically all disqualified from sitting as jurors upon the trial of this cause by the fact that they are already water users under the plaintiff's present irrigation system upon that side of the river, and that for this reason upon the three former trials of this action none of the residents of said Merced County upon the west side of said river were able to qualify as jurors upon said trials; that the said sentiment of prejudice on the part of the residents and possible jurors, upon the east side of said river has been both stimulated by and reflected in the comments of several of the newspapers of said county, which have from time to time since the inception of said action, and particularly at and during the times of the several trials thereof, published articles

highly prejudicial to the plaintiff's case and highly favorable to the cause and claims of the defendant. The affidavit of said J. F. Clyne further sets forth that the state of public sentiment among the people of Merced County on both sides of the said San Joaquin River extends not only throughout said Merced County, but extends also to and throughout the counties of Stanislaus on the north, and of Madera and Fresno on the south of said county of Merced, and that for that reason neither of said adjacent counties are available for the trial of this action. These latter portions of the affidavit of said J. F. Clyne are strongly and also with much circumstance and detail contradicted by the various affiants who have signed and verified the counter-showing made by said defendant upon the hearing on said motion. If numbers of affiants or of affidavits were the determining factor in questions of this character the defendant herein would have been entitled to prevail upon said motion; but as this is not the rule, or proper measure of the rights of the respective parties, the utmost that can be said is this, that the affidavit of said J. F. Clyne, had its statements been unopposed or uncontradicted, would clearly have been sufficient to have sustained the order of the trial court granting a change of place of trial in the present case; and that the counter-affidavits offered on behalf of the defendant created merely a conflict of evidence upon the subject; and that this being so, the trial judge who had been in touch with this cause from its inception, and who had presided over the three former trials thereof, and who was himself a resident of the community, the sentiment of whose people, available as jurors, were challenged by the affidavits on the one side or the other of this controversy, was in a better position to rightly weigh and justly resolve this conflict in said evidence than the judges of an appellate tribunal could possibly be; and, hence, that the conclusion of the said trial judge thereon should not be disturbed upon appeal, particularly in the entire absence of any claim on the part of the appellant that his discretion so to decide has been abused through the presence and exercise of personal bias or prejudice on his part. There is no such contention here.

As to the final contention of the appellant to the effect that the trial court was in error in transferring said cause to the county of Mariposa for trial, it may be briefly stated that sec-

tion 398 of the Code of Civil Procedure, which deals with the place of such transfers, permits the court to send the cause for trial "to the nearest or most accessible court, where the like objection or cause for making the order does not exist." The county of Mariposa is one of the counties adjacent to the county of Merced. Its county seat is about forty-five miles from the county seat of Merced County, and is somewhat less accessible, as well as somewhat farther away, than are the county seats of Stanislaus County on the north and of Madera County on the south of Merced County. On the other hand, the county of Mariposa is topographically unsuited to the development of extension systems of irrigation, and, hence, its residents who might be called upon to do jury duty are not affected by those problems and prejudices which arise and persist where large corporations operate in the control of waters' and the extension of irrigation systems with frequently conflicting interests and claims. On the other hand, the counties of Fresno, Madera, Merced and Stanislaus occupy a region as to all its parts identically affected by the development and operation of vast irrigation systems and interests, drawing their water supply in the main from the same source of supply, and extending their activities over the lands of these several counties whose respective division boundaries are as to these irrigation systems and projects, mere arbitrary lines. These facts would be potential in determining the question as to where the trial of the instant action should be had, unaffected by the state of prejudice which would, in the opinion of the lower court, have attended its trial in the county of Merced. Under these circumstances we are unable to say that the said court abused its discretion in the transfer of this cause for trial to the county of Mariposa.

Order affirmed.

Victor E. Shaw, J., *pro tem.*, Wilbur, J., Melvin, J., Sloss, J., Lorigan, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.