[Civ. No. 10399. First Appellate District, Division Two.—January 18, 1938.]

THE PEOPLE, Appellant, v. OCEAN SHORE RAILROAD, INC. (a Corporation), Respondent.

Clarence W. Morris, Lincoln V. Johnson, George C. Hadley, Clifford D. Good and Halloway Jones for Appellant.

Keyes & Erskine, Henry E. Monroe, A. P. Black, Anthony S. Devoto, Hester W. Webb and Louis S. Penfield for Respondent.

OGDEN, J., *pro tem.*—This is a proceeding in eminent domain to acquire, for purposes of a state highway, several parcels of real property constituting a narrow strip running along the ocean coast of San Mateo County and embracing within it a railroad right of way owned by the Ocean Shore Railroad, Inc., the respondent here. The action is brought against thirty-two known and several fictitiously named defendants, each of whom, it is alleged, claim some interest in one or more of the parcels of land. Under the provisions of subdivision 2 of section 397 of the Code of Civil Procedure, the respondent corporation moved for a change in the place of trial upon the ground that an impartial trial could not be had in the county of San Mateo. After hearing upon affidavits, the court below granted the motion and ordered the cause transferred for trial to the Superior Court in and for the County of Alameda. From this order the present appeal is taken by plaintiff.

■ Appellant first specifies as error the action of the trial court in granting a change in the place of trial upon the sole application of but one of the several defendants. It contends that in order to secure a change of venue upon the ground that an impartial trial cannot be had in the county in which the action is properly brought, all of the defendants, if there be more than one, must join in the motion therefor. Apparently this precise question has never been passed upon by the courts of this state, at least, no such decision has been called to our attention.

We are referred to several authorities from the jurisdictions of Arkansas, Wisconsin, Kentucky, Indiana and Maryland which hold that, in those jurisdictions, all of the codefendants must join in such a motion. (*Klein et al.* v. *German Nat. Bank,* 69 Ark. 140 [615 S. W. 572, 86 Am. St. Rep. 183] ; *Wolcott* v. *Wolcott,* 32 Wis. 63; *Rupp* v. *Swineford,* 40 Wis. 28; *Whitaker* v. *Reynolds,* 77 Ky. (14 Bush.) 616; *Peters* v. *Banta,* 120 Ind. 416 [22 N. E. 95, 23 N. E. 84] ; *Krutz* v. *Howard,* 70 Ind. 174; *Hutts* v. *Hutts,* 62 Ind. 240; *Baltimore County Commrs.* v. *United Railways Co.,* 99 Md. 82, 87 [57 Atl. 675] ; *State* v. *Gore,* 32 Md. 498; *Cooke* v. *Cooke,* 41 Md.

362, 366; *Taxicab Co. of Baltimore* v. *Emanuel,* 125 Md. 246 [93 Atl. 807].) In the state of Indiana, however, this is no longer the rule, the earlier cases cited from that state having been expressly repudiated in the case of *Dill* v. *Fraze,* 169 Ind. 53 [79 N. E. 971]. The cases cited are all based upon statutes giving the right to apply for a change in the place of trial to "either party to the action". They construe the word "party" as used in the statutes to mean all of the plaintiffs or defendants collectively and hold that under such construction the motion must be joined in by all who constitute such party. The decisions in the cases cited from Wisconsin, Indiana and Maryland also are influenced by the fact that in those states the statute gives the absolute right to a change of venue upon the mere suggestion by either party of inability to secure an impartial trial.

Section 397 of the Code of Civil Procedure provides that "The Court may, on motion, change the place of trial— (subd. 2) when there is reason to believe that an impartial trial cannot be had therein". It does not, as do the statutes under consideration in the cases cited, require the motion therefor to be made by either party nor does it require the transfer upon a mere peremptory challenge. We find no indication from the wording of either section 397 or section 398 of the Code of Civil Procedure of any legislative intent to require all of the parties plaintiff or defendant to join in a motion for change in the place of trial. The latter section, in providing that the cause must, if the motion be granted, be transferred to a court which the parties may agree upon, or if they do not so agree, then to the nearest or most accessible court where the objection or cause for making the order does not exist, although it may require the unanimous action of all the litigants to agree as to the court of transfer, cannot be construed as requiring such a unanimity of action in seeking the relief afforded by the preceding section.

The purpose and intent of the statute is to secure to every litigant the right to a trial of his cause before a fair and impartial tribunal and to provide the procedure whereby such right may be enforced and protected. In designating the county in which the property sought to be taken is situated as the place where eminent domain proceedings must be commenced and tried, the legislature has expressly made such

designation subject to the provisions of the code for a change in the place of trial. (Sec. 1243, Code Civ. Proc.) Any right given by the legislature to have the trial in the county so designated is thus made conditional upon it not appearing that an impartial trial cannot be had in that county. If it so appears, then the county first designated ceases to be the proper county for the trial of the action.

It has been repeatedly held that where the action is not brought in the proper county, any defendant, without joining his codefendants, may demand a transfer to the proper county. (*O'Neil* v. *O'Neil,* 54 Cal. 187; *McSherry* v. *Pennsylvania C. G. M. Co.,* 97 Cal. 637, 642 [32 Pac. 711]; *Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 713 [73 Pac. 588]; *Sourbis* v. *Rhoades,* 50 Cal. App. 98 [194 Pac. 521]; *San Jose Ice & Cold Storage Co.* v. *City of San Jose,* 19 Cal. App. (2d) 62 [64 Pac. (2d) 1099].) In *O'Neil* v. *O'Neil, supra,* it is said, ''There is nothing in the provisions which require all the defendants to join in claiming such a right. It is a right which belongs to each defendant—it is one which every defendant can exercise for himself so long as the remedy exists—Each defendant may waive it for himself, but the waiver of one cannot be used to prejudice or destroy the right of another.''

The authority for transfer to the county designated as the proper place for commencement and trial of an action is contained in the same code section which authorizes transfer when it appears that an impartial trial cannot be had therein. (Sec. 397, Code Civ. Proc.) We see no reason why the same rule should not apply to a transfer upon any of the grounds stated in the code section. The right of a defendant to have the action tried in the county where the land is situated or where some of the defendants reside is no higher nor entitled to more protection than is his right to have it tried where an impartial trial may be had. An impartial trial means a trial impartial as to all litigants therein. If one litigant cannot secure an impartial trial in that county, his right to a transfer to a neutral county cannot be defeated by the failure or refusal of his codefendants to join with him in his demand therefor. Nor is there any reason why his codefendants, against whom, or as to whose cause, there may exist no prejudice, should be required to join in demanding a right which

does not affect them. To hold otherwise would, in many instances, operate as a denial of justice.

Considerable attention is devoted by counsel in their briefs to the question whether the action is separable as between respondent and its codefendants. However, we find no necessity for here determining whether the interests of respondent and its codefendants in the parcels sought to be taken are such as would have permitted a separate trial as to the respondent and a transfer of the action as to it alone. Although, as will again appear later, the action was, by stipulation, separately tried as to certain of the other defendants, no motion for further separation of trial was made by any of respondent's present codefendants. ▮ It follows, from our views heretofore expressed, that the right of respondent to demand a change in the place of trial did not depend upon the separable or joint character of the issues as to it and its codefendants.

▮ Appellant further urges as error, the failure of respondent to give notice of its motion to its codefendants. The record before us does not show what, if any, defendants have been served with summons in the action, although it does show that summons was issued on June 24, 1935, and returned on February 15, 1936, and on the last-mentioned day an order authorizing service by publication was made. Respondent filed its notice of motion on September 18, 1935, and the motion was heard on May 22, 1936, and determined on June 15, 1936. Up to the last-mentioned date, and, as far as the record shows, up to the present time, the only other defendants who filed an appearance in the action were a group of defendants named Henshaw. As to these defendants the action was, by stipulation, separately tried before the Hon. Aylett R. Cotton, Judge of the Superior Court of the County of San Mateo, without a jury. Although apparently not served with notice of the motion; another defendant, the Globe Wireless, Ltd., a corporation, appeared in opposition thereto.

It appears, therefore, that both at the time of filing notice of its intention to move for a change of venue and at the time of the hearing thereof, none of respondent's codefendants, except the defendants Henshaw, had appeared in the proceeding. As a separate trial had previously been ordered as to those defendants no notice was required to be given to

them.  The defendant, Globe Wireless, Ltd., had actual notice of the motion and appeared in opposition thereto.

It is doubtful whether notice was required to be given to the other defendants, they not having entered an appearance in the action.   In a similar situation, where motion for change of venue on the ground of residence was made by some defendants without notice of their codefendants, it was said in the case of *Wood, Curtis & Co.* v. *Herman Min. Co., supra,* "If it be assumed that co-defendants are adverse parties (Code Civ. Proc., sec. 465) as well as the defendants, and are entitled to service of the motion, these defendants . . . not having appeared when the motion was served and filed, service was not required upon them (Code Civ. Proc., sec. 1014)."  In any event, none of the codefendants have joined in this appeal and appellant cannot be heard to complain for them.   Appellant has not suggested or shown any prejudice resulting to it by any failure of notice to them.

It is contended that the court should have held in abeyance its ruling on the motion until the impanelment of the jury and the *voir dire* examination of the jurors disclosed that the respondent could not have a fair and impartial trial in the county wherein the proceedings were instituted.

Such a procedure has been authorized and approved in criminal cases (*People* v. *Staples,* 149 Cal. 405 [86 Pac. 886]) and by way of *dicta* in civil cases.  (*Cook* v. *Pendergast,* 61 Cal. 72; *Mono Power Co.* v. *Los Angeles,* 33 Cal. App. 675 [166 Pac. 387]; *J. I. Case Threshing Co.* v. *Copren Bros.,* 35 Cal. App. 70 [169 Pac. 443].)  We know of no other authority, however, in this state, holding that such procedure constitutes the exclusive test by which it may be determined whether a fair and impartial trial may be had.   In *J. I. Case Threshing Co.* v. *Copren Bros., supra,* the court stated that it did not hold that a change of venue would under no circumstances be granted until an unsuccessful attempt had been made to impanel a jury and added that "It is conceivable that a showing might be made of a prejudice against a plaintiff so widespread, intense and outspoken, through the public press and otherwise, as to warrant a conclusion that the plaintiff would not have a fair trial where the action was pending".

It is contemplated that a motion for change of venue be heard prior to the commencement of the trial.   While under the authorities above referred to, it might not be an abuse

of discretion for the court if still doubtful after a consideration of the evidence adduced at such hearing to hold decision upon the motion in abeyance until an attempt to secure a fair and impartial jury had been made, there is no necessity for doing so if, at such hearing there appears sufficient reason to believe that an impartial trial cannot be had.

Whether or not a change of venue should be granted because of reason to believe that an impartial trial cannot be had in the county where the action is properly commenced is a question first addressed to the sound discretion of the trial court. On appeal this court may review such ruling only to the extent of inquiring whether the same constituted an abuse of that discretion. (*Avila* v. *Meherin,* 68 Cal. 478 [9 Pac. 428] ; *Watson* v. *Whitney,* 23 Cal. 375; *Ross* v. *Kalin,* 53 Cal. App. 616 [200 Pac. 745].) We cannot say that the trial court abused the discretion which is by law vested in it unless it clearly appears that the evidence adduced at the hearing of the motion does not as a matter of law justify such determination. (*San Joaquin etc. Irr. Co.* v. *Stevinson,* 179 Cal. 533 [178 Pac. 292].) The burden of pointing out such deficiency in the evidence is upon appellant. This burden appellant has here failed to sustain. It contents itself in this regard with citations of error in receiving in evidence certain affidavits, which it is claimed are remote and have no bearing upon the issues, and in giving consideration to other affidavits claimed to be of little weight and credence, particularly because of the manner by which they were secured.

Nearly two hundred affidavits in support of its motion were submitted by respondent. Of these, some thirty affidavits were withdrawn at the hearing upon their attempted repudiation by the affiants. That these affidavits were repudiated, however, did not as appellant contends, require the trial court to give less credibility to those affidavits not repudiated or withdrawn.

Without attempting to detail all of the facts shown by the affidavits, it is sufficient to say that if true (and it was for the trial court to determine their truth or falsity) they amply justified the exercise of the trial court's discretion. By reference to newspaper editorials and articles, by reports of civic meetings and statements made by numerous citizen of the county, the affidavits tend to show a wide-

spread feeling of prejudice extending over a long period of years, both against the officials of respondent corporation and against its cause, such as would at least make it extremely doubtful whether an impartial trial could be had before a jury in that county.

Those affidavits showing expressions of prejudice and hostility toward respondent and its officers in connection with, and as a result of, similar proceedings in eminent domain previously brought by a joint highway district, but later abandoned because the compensation allowed was believed to be excessive, were not remote nor as to collateral matters. On the contrary, they had a direct bearing on. the issue here involved.

We find no error in the admission of the affidavits in question and are unable to say that the determination by the court below that a change in the place of trial should be granted, constituted an abuse of discretion.

Appellant makes two other points. ■ It is contended that the order transferring the action to Alameda County for trial is in conflict with and an attempt to invalidate a previous order made by another judge. The order referred to is the order made setting the cause, pursuant to stipulation, for trial separately as to the defendants Henshaw before Hon. Aylett R. Cotton, sitting without a jury. The contention is without merit. The order transferring the cause to Alameda County obviously did not purport to be intended to apply to the defendants Henshaw. At the time of the making of the order, the action as to those defendants had been tried and submitted for decision.

■ The point is made for the first time in appellant's reply brief of a noncompliance with the provisions of section 399, Code of Civil Procedure, requiring the costs and fees of transfer to be paid at the time of filing the notice of motion. Counsel for appellant concede that this was not brought to the attention of the court below. The requirement for the payment of fees does not appear to be jurisdictional to the hearing of the motion but is directory only. No objection having been made to the court below upon this ground, the point cannot now be raised for the first time upon appeal. Moreover, it appears from the certificate of the county clerk that the required fees have now been paid.

The order transferring the cause to the county of Alameda for trial is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1938.