[No. C004428. Third Dist. Aug. 29, 1988.]

DONNA PAESANO et al., Petitioners, v.
THE SUPERIOR COURT OF MONO COUNTY, Respondent;
COUNTY OF MONO, Real Party in Interest.

---

COUNSEL

Richard T. Ferko for Petitioners.

No appearance for Respondent.

Harold B. Thompson and Georgeson, McQuaid, Thompson & Angaran for Real Party in Interest.

---

OPINION

**PUGLIA, P. J.**—Petitioners are plaintiffs in a civil action pending in respondent superior court in which the real party in interest, County of Mono (county), is a defendant. That court denied petitioners' motion for change of venue and they now seek a writ of mandate directing the court to vacate its order of denial and grant the motion. (Code Civ. Proc., § 400; all subsequent statutory references to sections of an undesignated code are to the Code of Civil Procedure.) The issue in this proceeding is whether section 394, a mandatory removal provision, takes precedence over section 397, a discretionary removal provision. We shall hold that it does not. We shall therefore order a writ of mandate to issue directing respondent court to consider and rule on petitioners' motion to change venue on grounds there is "reason to believe that an impartial trial cannot be had" in Mono County. (§ 397, subd. 2.)

On November 23, 1982, petitioners commenced an action in Mono Superior Court for wrongful death and premises liability against the county, the State of California and fictitious defendants. In a form complaint petitioners allege their son died in an automobile accident which occurred in Mono County and was proximately caused by county's negligence.

On March 30, 1988, petitioners moved for change of venue on the ground "there is reason to believe that an impartial trial cannot be had in [Mono County]." The motion was supported by affidavit and points and authorities. The county opposed the motion, arguing that section 394 mandates trial of the action in Mono County.

Section 394 provides in pertinent part: " . . . any action or proceeding against the . . . county . . . for injury occurring within the . . . county . . . caused by the negligence or the alleged negligence of such . . . county . . . or its agents or employees, shall be tried in such county . . . ."

The court denied petitioners' motion, entering the following order in the minutes: "The ruling of the court denying [petitioners'] motion for Change of Venue is based upon the courts [*sic*] finding that CCP Section 394 mandates venue of this case in Mono County. Therefore the issues under CCP 397 need not now be addressed."

■ "[S]ection 394 is a removal statute which applies only when an action has been brought and is pending in a proper court. [Citations.]" (*County of Riverside* v. *Superior Court* (1968) 69 Cal.2d 828, 831 [73 Cal.Rptr. 386, 447 P.2d 626], quoting from *Skidmore* v. *County of Solano* (1954) 128 Cal.App.2d 391, 394 [275 P.2d 613].) Under section 395 Mono County Superior Court is a proper court in which to commence petitioners' action. Section 395 authorizes commencement of a wrongful death action in either of two venues, the county where the injury causing death occurred or the county of residence of any defendant.

However, under the mandatory language of section 394, county would have been entitled to remove the action to Mono County if commenced in a neutral county even though the neutral county was the residence of another defendant. (*Delgado* v. *Superior Court* (1977) 74 Cal.App.3d 560, 563-564 [141 Cal.Rptr. 528].) On the other hand, section 397 provides that: "The court may, on motion, change the place of trial in the following cases: . . . 2. When there is reason to believe that an impartial trial cannot be had therein." Thus, the question is whether the mandatory language of section 394 prohibits discretionary removal of an action pursuant to section 397, subdivision 2, from the county in which section 394 declares it "shall be tried."

■ Section 397, like section 394, is a change of venue or removal statute. "The purpose and intent of the statute [§ 397, subd. 2] is to secure to every litigant the right to a trial of his cause before a fair and impartial tribunal and to provide the procedure whereby such right may be enforced and protected." (*People* v. *Ocean Shore Railroad, Inc.* (1938) 24 Cal.App.2d 420, 423 [75 P.2d 560].) There are no words of subordination in section 397 (see *Delgado* v. *Superior Court, supra,* 74 Cal.App.3d at p. 564). Section 397 unambiguously applies without limitation to any action or proceeding within its terms. ■ If it were true that cases within the mandatory language of section 394 were absolutely excluded from the operation of section 397 (subd. 2), then it would follow that some cases in that category would

necessarily be tried in counties where "there is reason to believe that an impartial trial cannot be had." We are satisfied the Legislature did not intend such a mischievous result.

■ "Whether or not a change of venue should be granted because of reason to believe that an impartial trial cannot be had in the county where the action is properly commenced is a question first addressed to the sound discretion of the trial court." (*People* v. *Ocean Shore Railroad*, Inc., *supra*, 24 Cal.App.2d at p. 427.) Review of its ruling is limited to the question whether the trial court abused its discretion. The trial court believed section 394 mandated trial in Mono County and thus obviated consideration of a motion under section 397. ■ "The law is well settled that a trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty." (*Robinson* v. *Superior Court* (1950) 35 Cal.2d 379, 383 [218 P.2d 10].)

We have complied with the procedural prerequisites to issuance of a peremptory writ without first issuing an alternative writ. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a writ of mandate issue directing the trial court to vacate its order denying plaintiffs' motion for a change of venue and to determine whether there is reason to believe an impartial trial cannot be had in Mono County. Costs will be charged to the county.

Blease, J., and Marler, J., concurred.