[No. A063629. First Dist., Div. Four. Feb. 4, 1994.]

RICHFIELD HOTEL MANAGEMENT, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
TERRY RIDDELL et al., Real Parties in Interest.

**COUNSEL**

Morgenstein & Jubelirer, Lee Ann Huntington and Angela M. Steel for Petitioner.

No appearance for Respondent.

Behrens, Snyder & Romaine and Richard O. Barndt for Real Parties in Interest.

## OPINION

ANDERSON, P. J.—Petitioner is a defendant in a civil action pending in respondent superior court in which real parties in interest are plaintiffs. Respondent court denied petitioner's motion for change of venue and petitioner now seeks a writ of mandate directing the court to vacate its order of denial and grant the motion. (Code Civ. Proc., § 400; all subsequent statutory references to sections of an undesignated code are to the Code of Civil Procedure.) The issue in this proceeding is whether Government Code section 12965, subdivision (b), the venue statute of the Fair Employment and Housing Act (FEHA), precludes a change of venue for the convenience of witnesses pursuant to section 397, former subdivision (3).[1] We hold that it does not and that petitioner was entitled to a change of venue on this ground.

On March 15, 1993, real parties in interest filed suit in San Mateo County Superior Court alleging that, while working at the Radisson Hotel Visalia (Hotel), they were sexually harassed by a Hotel employee. Petitioner, as manager of the Hotel, was named as a defendant. The complaint alleges claims under FEHA as well as a common law claim for wrongful constructive termination.

On August 18, 1993, petitioner moved to change venue to Tulare County under section 397, former subdivision (3). That section gives the trial court discretion to transfer cases to promote the convenience of witnesses and the ends of justice. The motion was supported by the declarations of six individuals, employees and former employees of petitioner, who alleged that they had personal knowledge of allegations in the complaint. The six individuals are all currently working in Visalia in restaurant jobs and declare that it would be an inconvenience and a hardship to attend a trial in San Mateo County. Also supporting the motion for transfer was a declaration stating that 11 former employees and 13 current employees of petitioner, identified as witnesses by real parties, live in Tulare County. In addition, the motion revealed that all the health care providers from whom real parties claim they received treatment for their alleged physical and emotional injuries work in the area of Tulare County.

In opposition to the motion to change venue, real parties took the position that venue is exclusively proper in San Mateo County under the specific venue statute covering FEHA actions and that section 397, former subdivision (3), is not applicable. Real parties also contended that petitioner had not

---

[1]As of January 1, 1994, the subdivisions of section 397 are designated by letter. In this opinion, we refer to the subdivisions by the numbers in use at the time of the motion for change of venue.

made a sufficient showing that transfer should occur even if section 397, former subdivision (3), was available. First they contended that to deny a plaintiff's choice of venue in a FEHA action could never be in the interest of justice since the Legislature's purpose in enacting the FEHA venue statute was to give the plaintiff a wide choice of venue. They contended that the convenience of a party and the employees of a party should not be considered and that they had not yet identified who they would call as witnesses. They contended that the convenience of their own medical witnesses was not a concern of petitioner and that petitioner had not yet identified its own medical witnesses. Real party did not support its opposition with any counteraffidavits showing the convenience of San Mateo County to witnesses.

## DISCUSSION

The FEHA venue statute as set forth in Government Code section 12965, subdivision (b), provides: "Such an action may be brought in any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained and administered, or in the county in which the aggrieved person would have worked . . . but for the alleged unlawful practice, but if the defendant is not found within any of these counties an action may be brought within the county of defendant's residence or principal office."[2]

Petitioner contends that this section must yield to the application of section 397, former subdivision (3), which provided for a change of venue "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." We conclude that petitioner is correct. The contention has not been addressed by any court but is similar to the issue considered by the court in *Paesano* v. *Superior Court* (1988) 204 Cal.App.3d 17 [250 Cal.Rptr. 842], where the court found that section 397, former subdivision (2), (providing for a change of venue "[w]hen there is reason to believe that an impartial trial cannot be had") prevailed over section 394 (providing that certain actions against a county *shall* be tried in such county).

[2]Real parties take the position that San Mateo is the proper venue because petitioner is not "found" in Tulare County. Section 397, former subdivision (1), provided for a change of venue "[w]hen the court designated in the complaint is not the proper court." Depending upon the interpretation of the term "found" within Government Code section 12965, it might be argued that San Mateo is not a proper court since petitioner can be "found" in Tulare County. (See *Varsic* v. *U.S. Dist. Ct. for Cent. Dist., etc.* (9th Cir. 1979) 607 F.2d 245; but see *Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 490 [208 Cal.Rptr. 724, 691 P.2d 272] (conc. opn. of Kaus, J.). However, petitioner did not move for a change of venue under this provision of section 397 and no consideration will be given here to the interpretation of the term.

The *Paesano* court reasoned: "There are no words of subordination in section 397 [citation]. Section 397 unambiguously applies without limitation to any action or proceeding within its terms. If it were true that cases within the mandatory language of section 394 were absolutely excluded from the operation of section 397 (subd. 2), then it would follow that some cases in that category would necessarily be tried in counties where 'there is reason to believe that an impartial trial cannot be had.' We are satisfied the Legislature did not intend such a mischievous result." (*Paesano v. Superior Court, supra,* 204 Cal.App.3d at pp. 20-21.)

The same reasoning is persuasive in the instant case. It is obvious that the Legislature did not mean to preclude a change of venue in any FEHA case "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." Quite the contrary. The plaintiff is given a wide choice of venue in FEHA actions because the Legislature wished to make it easier for a financially stressed litigant to bring an action in a location where travel and other costs "including the costs of securing important witnesses for trial" would be minimized. (*Brown v. Superior Court, supra,* 37 Cal.3d at p. 486.) As petitioner aptly argues, "plaintiffs' insistence on venue in San Mateo County, over 200 miles from plaintiffs' residences and the residences of the relevant witnesses in the case, would turn the policy behind the FEHA venue provision on its head. A FEHA plaintiff's choice of venue is given weight in order to aid the plaintiff's ability to seek a remedy for alleged discrimination, *not* to allow the plaintiff to forum shop or to impose an unreasonable burden on witnesses and the defendant." (Original italics.)

Real parties' contention that petitioner did not meet its burden of showing that the convenience of witnesses required a change of venue to Tulare County is without merit. Petitioner has shown that all the potential witnesses live in Tulare County. Real parties made no countershowing that their witnesses would be inconvenienced by the change. Rather, they fault petitioner's list as including employees of petitioner and former employees whom real parties have not yet designated as persons they intend to call. Real parties also argue that in some instances an insufficient showing has been made as to the expected testimony of witnesses and the inconvenience they will suffer if required to come to San Mateo County.

Application of these points, based on general principles governing consideration of a motion for change of venue based on convenience of witnesses (see, e.g., *Harden v. Skinner & Hammond* (1955) 130 Cal.App.2d 750, 754 [279 P.2d 978]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, §§ 702, 703, pp. 714-717), does not support the contention that the showing was

insufficient in this case. The logical inferences which arise from the affidavits demonstrate the inconvenience of trying this case in San Mateo County. *All* of the designated witnesses live or work in the area around Tulare County. All of the relevant events allegedly took place in Visalia. All of the relevant documents would be there. It is undisputed that San Mateo County is 210 miles from Visalia and that many of the lay witnesses are restaurant employees for whom the lost working time and travel expenses would be significant.[3]

■ "Convenience of witnesses is shown by the fact that the residence of all the witnesses is in the county to which the transfer of the cause is requested. [Citation.] A conclusion that the ends of justice are promoted can be drawn from the fact that by moving the trial closer to the residence of the witnesses, delay and expense in court proceedings are avoided and savings in the witnesses' time and expenses are effected. [Citation.] [¶] Where there is a showing that the convenience of witnesses and the ends of justice will be promoted by the change and there is absolutely no showing whatever to the contrary, a denial of the motion to change venue is an abuse of discretion, there being no conflict of evidence to sustain the decision of the trial court. [Citations.]" (*Pearson* v. *Superior Court* (1962) 199 Cal.App.2d 69, 77-78 [18 Cal.Rptr. 578].)

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioner's motion for change of venue to Tulare County and to issue a new order granting the motion.

Poché, J., and Reardon, J., concurred.

---

[3]Petitioners write in their memorandum of points and authorities: "San Mateo County is 210 miles from Visalia. It is a four- to five-hour drive from Visalia. At this writing, plane service between Visalia and the Bay Area has been discontinued. The closest airport servicing the Bay Area from Visalia is in Fresno, approximately 45 miles away from Visalia. Appearance at trial by the Visalia witnesses . . . would require at least an overnight stay to ensure their timely arrival at the court."