Filed 11/19/21  S.B. v. B.J. CA5
Prior opinion vacated

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| S.B.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>B.J.,<br><br>    Defendant and Respondent. | F080954<br><br>(Super. Ct. No. BPT-19-002075)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Susan M. Gill, Judge.

S.B., in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

S.B. appeals from the dismissal of his parentage action filed in Kern County.  The trial court found that venue was more appropriate in Los Angeles County.  The trial court made several key factual findings showing that the parentage action was more related to Los Angeles County than Kern County.  On appeal, S.B. fails to challenge those key factual findings or their sufficiency to warrant the trial court's decision.  Furthermore, his

---

[*] Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

other objections are either irrelevant, fail to cite authority, or fail to develop cogent legal arguments.  We affirm.

## FACTS

This appeal arises from a parentage action in Kern County pursuant to Family Code, section 7600 et seq.  Because our decision does not require an in-depth factual analysis, and the action concerns three minor children and allegations of abuse, we summarize only the facts necessary to our decision.

### *The Kern County Parentage Action*

S.B. and B.J. lived in Los Angeles and together were parents of three minor children.  S.B. moved out of the family home with the oldest child in February 2019[1] and briefly lived in Los Angeles before relocating to Bakersfield.  The two youngest children lived with B.J. in Los Angeles.  On February 19, S.B. filed a parentage action in Kern County Superior Court.  Though B.J. was served on February 28, proof of service was not filed until June 10.  B.J. attempted to file a response to the parentage action in March; however, the clerk's office rejected it for failure to pay a filing fee and to include proof of service.

S.B. served a declaration of default on B.J.'s attorney, which he filed on July 22. The Kern County Superior Court then issued and filed a default judgment against B.J. on July 26.  B.J. subsequently filed a request to set aside the default parentage judgment on September 11, which was heard and granted on October 30.  On November 14, B.J. filed a request to quash service of the Kern County parentage summons and to dismiss the action because, B.J. argued, venue was more proper in Los Angeles County.  B.J.'s challenge was timely.

---

[1] All subsequent references to dates are to dates in 2019 unless specified otherwise.

2.

***The DVPA Proceedings***

While all this occurred in Kern County, the parties also filed competing Domestic Violence Prevention Act ("DVPA") actions: B.J. in Los Angeles County, and S.B. in Kern County. The Kern County proceedings were continued with temporary orders pending completion of the Los Angeles County proceedings, which were heard on May 31, June 18, and July 22. We do not possess transcripts of the Los Angeles County proceedings. We therefore summarize the trial court's findings in this case from its review of those transcripts.

The court determined that, though there were numerous references to the Kern County DVPA and parentage actions in the Los Angeles County proceedings, B.J. never agreed to Kern County as the appropriate venue for the parentage action. In the May 31 hearing, both parties agreed the DVPA proceedings should be conducted in Los Angeles County, and neither party mentioned Kern County as the appropriate venue. Similarly, in the June 18 proceeding, the Los Angeles County court found continuing the DVPA proceedings in Los Angeles County was appropriate because Los Angeles County was the proper venue under the DVPA, the parties had previously stipulated to the Los Angeles County court hearing that matter, and testimony already had begun when the court learned of the Kern County proceedings.

On July 22, the last day of the Los Angeles County DVPA proceedings, the parties did not discuss venue, though they referenced the Kern County proceedings. In this case, the trial court determined that "neither [B.J.] nor her attorney made statements accepting the appropriateness of Kern County as the venue for the parentage action." The Los Angeles County court did acknowledge that the Kern County court was handling the issue of custody, but, at this point, the default judgment was in effect, and venue in Kern County had not been formally challenged. The Los Angeles County court made no findings regarding the appropriateness of venue for the parentage action.

3.

***The Kern County Court Dismisses the Parentage Action***

The Kern County Superior Court issued a ruling granting B.J.'s request to quash service of summons and dismiss the parentage petition on March 2, 2020.  The court relied on Family Code section 7620, subdivision (c), which provides in pertinent part that parentage actions may be brought in the county where the child resides or is found.  The court based its decision on several key facts.  Two of the parties' three children live in Los Angeles with B.J., while one child lives in Kern County with S.B..  S.B. and the oldest child also lived in Los Angeles "until days before the parentage action was filed in Kern County."  B.J. and the other two children never lived together in Kern County.  The actions that formed the basis of the DVPA actions in Los Angeles County and Kern County occurred entirely in Los Angeles County.  Finally, the majority of potential witnesses regarding custody, visitation, and support live in Los Angeles County.  Thus, the court determined that "Los Angeles County is the more appropriate venue for the parentage action than Kern County."  S.B. timely appealed.

## DISCUSSION

## I.     The Trial Court Did Not Abuse Its Discretion

S.B. challenges the trial court's order setting aside default and default judgment. He did not designate that order in his notice of appeal, only the court's ruling on the Respondent's Request for Order to Quash Service.  Consequently, we do not have jurisdiction on appeal over the order setting aside default and default judgment. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170) [" 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.]  We have no jurisdiction over an order not mentioned in the notice of appeal."].)  We now turn to the court's decision that venue was more appropriate in Los Angeles County.

We will only overturn a court's valid exercise of discretion to decide an issue when it exercises that discretion in an arbitrary, capricious, or patently absurd manner

resulting in a miscarriage of justice. (*People v. Williams* (2013) 58 Cal.4th 197, 270—271.) Put differently, we will overturn the court's decision where, viewing all the circumstances in favor of the decision, no judge reasonably could have made such a decision. (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 104.)

Family Code section 7620 expressly limits where an action under Family Code section 7600 et seq. must be brought to five places, only one of which is relevant here: "[t]he county in which the child resides or is found." (Fam. Code, § 7620, subd. (c)(1).) Furthermore, the trial court has discretion to determine proper venue "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." (Code Civ. Proc., § 397, subdivision (c); *Richfield Hotel Management, Inc. v. Superior Court* (*Riddell*) (1994) 22 Cal.App.4th 222, 225—226) [this rule is applicable to any action or proceeding].)

The trial court found that two of the three children in this case resided in Los Angeles County, while the third child resided in Kern County. Furthermore, the actions forming the basis for the Los Angeles County and Kern County actions all occurred in Los Angeles County. Finally, the majority of potential witnesses resided in Los Angeles County. S.B. does not contest these factual findings, which are sufficient to justify the trial court's decision. Because all the salient facts and the majority of potential witnesses and children are tied to Los Angeles County, it was reasonable for the trial court to dismiss the Kern County action in favor of the identical Los Angeles County action. S.B. does not provide us with any argument that these facts are insufficient to justify Los Angeles County as the more convenient location to resolve this matter. We now turn to his objections.

## II.    S.B.'s Objections

S.B. first argues that the trial court's ruling violated Code of Civil Procedure,[2] section 396, subdivision (a) and section 402, subdivision (a)(3).  Neither statute is applicable in this case.  Section 396 regulates a superior court's actions when it lacks *jurisdiction*.[3]  However, this case concerns proper *venue*.  Section 402, subdivision (a)(3) prevents dismissal of an action when filed in a location other than "the location specified by local rule."  S.B. did not file in Kern County in violation of a local rule, nor did the trial court dismiss his case because he violated a local rule.

Furthermore, S.B.'s reliance on section 396a, subdivision (b) to establish that B.J.'s consent to venue precludes dismissal of his Kern County action on venue is misplaced.  Section 396a applies only to cases "subject to Sections 1812.10 and 2984.4 of the Civil Code, or subdivision (b) of Section 395 of the Code of Civil Procedure, or in an action or proceeding for an unlawful detainer as defined in Section 1161 of the Code of Civil Procedure."  This parentage action under Family Code section 7600 et seq. is not, therefore, subject to section 396a, subdivision (b).

S.B. also fails to cite any other legal authority showing that B.J.'s purported acceptance of venue in Kern County precludes the trial court's dismissal.  Nor does S.B. provide any authority showing that B.J.'s failed attempt to file a response to his Kern County action on March 28, 2019[4] committed her to venue in Kern County.  In other

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[3] Section 396, subdivision (a), provides that "[n]o appeal or petition filed in the superior court shall be dismissed solely because the appeal or petition was not filed in the proper state court."  Our Legislature explained that "[s]ection 396 makes clear that if a superior court lacks jurisdiction of a matter *and a state appellate court would have jurisdiction*, the superior court must transfer the matter instead of dismissing it."  (Cal. Law Revision Com. com., West's Ann. Code Civ. Proc., § 396, emphasis added.)

[4] The Kern County Superior Court rejected her response for failure to pay a filing fee and to include proof of service.

words, even if S.B. could establish that B.J. accepted venue in Kern County, he does not explain the legal significance of that fact. Consequently, he waives these arguments on appeal. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*).)

S.B. contends that the trial court's decisions were colored by bias, unfair to him, and partial to B.J.. We have thoroughly reviewed and considered the cited trial court statements.[5] However, we are unable to identify any bias therein. All statements cited are mere findings of fact. At the root of S.B.'s issue with the trial court appears to be that the court "chose to interpret facts in a manner that showed favor to the respondent's request of dismissing the case." We disagree. The trial court did not interpret facts to show favor; rather, given the applicable law, as summarized above, the facts supported dismissing the case in favor of the Los Angeles County proceeding. Finally, if S.B. believes the court was biased and unfair toward him, then it begs the question why he would not rather have his case heard in Los Angeles County.

Lastly, S.B. argues that the trial court did not consider the totality of the evidence presented because three statements in the court's ruling were false.[6] He fails to explain, and we are unable to see, how these three supposed errors are relevant in determining whether Kern County or Los Angeles County is the proper venue. In other words, S.B. needed to explain not only how the court erred but whether these mistakes were in any

---

[5] Insofar as he fails to cite to the record or cites to the Los Angeles County proceeding's reporter's transcript, which is not before us, we are unable to consider his claims. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*) ["[W]e may disregard factual contentions that are not supported by citations to the record."].)

[6] The three alleged errors were (1) that S.B. and B.J.'s relationship occurred entirely in Los Angeles; (2) that B.J. and the "other children" have never lived in Kern County; and (3) that a conversation from the Los Angeles County proceeding's reporter's transcript was incorrectly cited by the trial court.

7.

way relevant to the court's venue analysis.  Failing to develop a cogent legal argument, he waives these points.  (*Cahill*, *supra*, 194 Cal.App.4th at p. 956.)

To raise a valid challenge to the trial court's decision, S.B. had to demonstrate that, viewing all the circumstances in favor of the decision, no judge reasonably could have made such a decision.  (*Estate of Sapp*, *supra*, 36 Cal.App.5th at p. 104.)  Yet S.B. fails to challenge the heart of the trial court's decision: this case has more to do with Los Angeles County than Kern County.  We therefore affirm.

## DISPOSITION

The trial court's March 2, 2020, order is affirmed.  The parties shall bear their own costs on appeal.