[Civ. No. 41794. First Dist., Div. Four. Aug. 18, 1977.]

MARIN COMMUNITY COLLEGE DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
S. J. AMOROSO CONSTRUCTION COMPANY, INC.,
et al., Real Parties in Interest.

**COUNSEL**

Douglas J. Maloney, County Counsel, and Thomas G. Hendricks, Assistant County Counsel, for Petitioner.

No appearance for Respondent.

Leonard A. Worthington, Farella, Braun & Martel, Richard M. Bryan, Douglas S. McGlashan, Thelen, Marrin, Johnson & Bridges, Jesse B. Grove III; Richard M. Sims III, Bishop, Barry, Martin & Howe, Nelson C. Barry and G. Kelley Reid, Jr., for Real Parties in Interest.

OPINION

CHRISTIAN, J.—Marin Community College District has petitioned for a writ of mandate to set aside an order of respondent Marin County Superior Court changing the venue of a civil action.

Petitioner filed suit for damages against certain of the real parties in interest, alleging deficiencies in air conditioning and heating systems which had been installed at the College of Marin in 1971. On July 29, 1976, petitioner filed a memorandum that civil case is at issue.

Defendant S. J. Amoroso Construction Company, Inc. moved for a change of venue, on the ground that Code of Civil Procedure section 394 "provides that when an action is brought by a 'local agency' within a certain county against a resident or corporation doing business in another county, the action must be transferred to another county, on motion of either party." S. J. Amoroso Construction Company was based in Foster City. Cross-defendants Rheem Manufacturing Company and Acme Industries, Inc. also moved for a change of venue pursuant to Code of Civil Procedure section 394. Petitioner resisted the motions for change of venue, contending that Code of Civil Procedure section 394 "has no application to the Marin Community College District" and that the motion was not timely. The motions were granted and the action was transferred to Alameda County.

Section 394 of the Code of Civil Procedure provides in pertinent part: "(1) An action or proceeding against a county . . . or local agency, may be tried in such county, or city and county, or the county in which such city or local agency is situated, unless such action or proceeding is brought by a county . . . or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is not situated. Whenever an action or proceeding is brought by a county . . . or local agency within a certain county, or city and county, against a resident of another county . . . or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county . . . and other than that in which the plaintiff is situated, if the plaintiff is . . . a local agency, and other than that in which the defendant resides, or is doing business, or is situated. . .

". . . . . . . . . . . . . . . . . . .

"(3) For the purposes of this section, 'local agency' shall mean any governmental district, board, or agency, or any other local governmental

body or corporation, but shall not include the State of California or any of its agencies, departments, commissions, or boards."

█  Petitioner contends that section 394 is inapplicable on the basis that school districts are state agencies, citing *Hall* v. *City of Taft* (1956) 47 Cal.2d 177 [302 P.2d 574]. Petitioner also relies on *Piper* v. *Big Pine School Dist.* (1924) 193 Cal. 664 [226 P. 926], *People* v. *Elliott* (1953) 115 Cal.App.2d 410 [252 P.2d 661], *Board of Education* v. *Davidson* (1922) 190 Cal. 162 [210 P. 961], and *Serrano* v. *Priest* (1971) 5 Cal.3d 584 [96 Cal.Rptr. 601, 487 P.2d 1241].

All of these cases must be examined in light of *Garrett* v. *Superior Court* (1974) 11 Cal.3d 245 [113 Cal.Rptr. 152, 520 P.2d 968], and *Westinghouse Electric Corp.* v. *Superior Court* (1976) 17 Cal.3d 259 [131 Cal.Rptr. 231, 551 P.2d 847]. In *Garrett,* the issue before the court was whether real party in interest, Riverside County Flood Control and Water Conservation District, was a "local agency" under section 394. The court rejected a claim by the district that it was a state agency, stating that: "It clearly promotes the evident purpose of section 394 to include District within the category of 'local agencies,' thereby permitting a party sued by District to change venue to a neutral county. District is the type of 'local agency within a certain county' which has a potentially prejudicial advantage in a condemnation suit against a nonresident defendant." (11 Cal.3d at p. 248.)

In *Westinghouse Electric Corp.* v. *Superior Court, supra,* 17 Cal.3d 259, the Bay Area Rapid Transit District sought damages from its principal contractors. The Supreme Court held that BART is a multi-county agency and " 'a local agency within a certain county' " for the purposes of section 394 (17 Cal.3d at p. 268), on the basis that "it is virtually *certain* that an Alameda County juror in this case will be a BART taxpayer with more than an academic interest in a damage suit totaling more than $100 million." (*Id.,* p. 267.) In the instant case, petitioner levies property taxes in Marin County. Therefore, "We are confronted with the paradigm case of potential prejudice that the Legislature sought to avoid by enacting section 394." (*Id.,* p. 267.) Here, as in Westinghouse, section 394 is to be interpreted to avoid "absurd consequences" (*id.,* p. 268); petitioner is "a local agency within a certain county" for the purposes of section 394.

Petitioner points out that although section 394 does not contain a specific requirement as to when a motion for change of place of trial must be filed, the appellate courts have held that such a motion must be

filed within a reasonable time. (See *Adams* v. *Superior Court* (1964) 226 Cal.App.2d 365 [38 Cal.Rptr. 164].) ■ But a motion pursuant to Code of Civil Procedure section 394 is not required to be made at the time of answer to a complaint or cross-complaint; it may be made within a reasonable time thereafter. (1 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1977) § 3.50, pp. 142-143.) A motion for change of venue pursuant to section 394 need not be denied on the ground that it is untimely unless it is pursued for dilatory purposes and unless the public agency can show substantial prejudice. Here no compelling showing has been made by petitioner. (Cf. *Newman* v. *County of Sonoma* (1961) 56 Cal.2d 625 [15 Cal.Rptr. 914, 364 P.2d 850].)

Petitioner points out that the record indicates a possibility that, within the meaning of section 394, Rheem Manufacturing Company does business in Alameda County. Apparently the motion was granted without making any determination on that point.

A writ will issue commanding respondent court to vacate the order granting a change of venue, to determine whether real party in interest Rheem Manufacturing Company is doing business in Alameda and thereafter to render a new decision on the motions for change of venue.

Caldecott, P. J., and Rattigan, J., concurred.