[Civ. No. 44881. First Dist., Div. Four. Feb. 5, 1979.]

CITY OF CHICO et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
JAMES D. WILLIAMS, JR., et al., Real Parties in Interest.

COUNSEL

David V. Blackstock, County Counsel, Price, Burness, Price & Davis and Robert E. Burness for Petitioners.

No appearance for Respondent.

Bolling, Pothoven, Walter & Gawthrop, Laurence L. Angelo and Charlotte E. Hemken-Smith for Real Parties in Interest.

OPINION

DRUMMOND, J.*—Petitioners, City of Chico and County of Butte, seek a writ of mandate commanding respondent Superior Court of San Francisco to vacate its order denying their motion for change of venue.

Petitioners are cross-defendants in an action pending in respondent court, entitled James Decker Williams, Jr., and Karen Yvonne Williams, plaintiffs vs. Southern Pacific Company, a corporation, et al., defendants. The plaintiffs and cross-complainants in that action are named in this petition as real parties in interest.

*Assigned by the Chairperson of the Judicial Council.

On March 1, 1978, real parties in interest, James Decker Williams, Jr., and Karen Yvonne Williams, filed in respondent court a complaint for damages for personal injuries, loss of consortium and property damage against real party in interest Southern Pacific Transportation Company (SP) and other defendants, allegedly arising from a vehicular collision involving real party in interest James Decker Williams, Jr., and an employee of SP on February 15, 1978, on a public highway located in the City of Chico, County of Butte.

SP cross-complained for indemnity, comparative contribution, comparative indemnification and declaratory relief against petitioners alleging that Williams' injuries were caused by the negligence of petitioners.

Petitioners County of Butte and City of Chico moved for a change of venue from respondent court to the Butte County Superior Court. The motions were denied, and this proceeding ensued.

■ Petitioners base their argument that respondent erred when it denied their motions for change of venue on Code of Civil Procedure section 394, subdivision (1), which provides in part that: ". . . any action or proceeding *against* the city, county, city and county, or local agency for injury occurring within the city, county, or city and county, or within the county in which such local agency is situated, to person or property or person and property caused by the negligence or alleged negligence of such city, county, city and county, local agency, or its agents or employees, *shall be* tried in such county, or city and county, or if a city is a *defendant,* in such city or in the county in which such city is situated, or if a local agency is a *defendant,* in such county in which such local agency is situated." (Italics added.)

Petitioners are not the defendants in the underlying action, but rather, are the cross-defendants in the cross-complaint for indemnity and contribution filed by SP. They argue, however, that the language of section 394 dictates that venue is proper only in the county which has been named as the defendant *or* cross-defendant in a negligence action.

Real parties in interest contend that "As demonstrated by the pleadings in this case, and the declaration attached hereto as Exhibit 'A,' petitioners are not defendants in this action and plaintiffs have no present intention of including them as defendants. The defendants in this action, the SOUTHERN PACIFIC COMPANIES, are both residents of San Francisco County, and thus venue of this action is proper in that county. (C.C.P. §§ 395, 395.5.)"

Petitioners contend that the language of the statute, i.e., "any action or proceeding" indicates that it applies to cross-complaints as well as complaints. In this regard petitioners rely on dicta in *Marin Community College Dist.* v. *Superior Court* (1977) 72 Cal.App.3d 719 [140 Cal.Rptr. 310], in which this court issued a writ of mandate directing the trial court to set aside its order granting a change of venue to a corporate defendant on the ground that the Marin Community College District was a "local agency" and therefore, under section 394, was not entitled to have the action tried in Marin County. This court stated, at pages 722-723, as follows: "Petitioner points out that although section 394 does not contain a specific requirement as to when a motion for change of place of trial must be filed, the appellate courts have held that such a motion must be filed within a reasonable time. (See *Adams* v. *Superior Court* (1964) 226 Cal.App.2d 365 . . . .) But a motion pursuant to Code of Civil Procedure section 394 is not required to be made at the time of answer *to a complaint or cross-complaint*; it may be made within a reasonable time thereafter." (Italics added.)

Petitioner contends that this language indicates that we assumed that the provisions of section 394 apply to actions wherein cities and counties are cross-defendants as well as defendants. That contention cannot be sustained. First, the inclusion of the language referring to "or cross-complaint" is dictum, and, as such, constitutes no authority. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 677, p. 4591.) Secondly, *Marin Community College District* did not involve facts comparable to the instant case. Marin was the plaintiff in an action against a corporate defendant for damages, alleging deficiencies in air conditioning and heating systems which had been installed at the college. Here, the city and county are cross-defendants in a personal injury action. Therefore, the dicta are inapplicable.

In *Peiser* v. *Mettler* (1958) 50 Cal.2d 594, 601 [328 P.2d 953, 74 A.L.R.2d 1], the Supreme Court reversed a trial court order granting defendant's motions for change of venue in a breach of contract action. " 'The nature of the *cause of action* so far as it affects or determines the place of trial will be ascertained from the complaint alone, and the court will inspect the complaint for the purpose of determining the character of the action and the judgment which may be rendered.' [Citations.]" (Original italics.) The Supreme Court held in *Kaluzok* v. *Brisson*, 27 Cal.2d 760, 762 [167 P.2d 481, 163 A.L.R. 1308], that "To decide the question [as to whether a defendant was entitled to a change of venue] it is necessary to determine the nature of the action as disclosed by the

complaint, and the scope of the judgment which might be entered on default [citations.]."

The opposition points out that: "Throughout Section 394, the public entities to which that section applies are clearly designated as plaintiff or defendant, or as the party bringing the action or the one against whom the action is brought. This language, and construction of Section 394 as being applicable only when the public entity is named as a plaintiff or defendant in the complaint, is in complete accord with the rule, hereinabove discussed, that venue must be determined from the allegations of the complaint. Had the Legislature intended to make Section 394 applicable to public entities regardless of their status in the action, the language would have reflected that the section was to be used whenever a public entity is a party to an action, not, as it now reads, when the public entity is a plaintiff or defendant."

In *Channell* v. *Superior Court* (1964) 226 Cal.App.2d 246 [38 Cal.Rptr. 13], the Third District granted a writ of mandate ordering the trial court to vacate its order granting the motion of one of the defendants, the County of Placer, to change the venue of the trial for personal injury damages filed in Sacramento County to Placer County. The plaintiffs had filed suit against both the driver of the other vehicle, a resident of Sacramento, and Placer County. Placer relied on section 394 as the basis for its motion to change venue.

We believe that the reasoning of that case is applicable to the instant case. If real parties in interest, Williams, had chosen to file suit against petitioners rather than SP, there is no doubt that petitioners would be entitled to the change of venue. But, in a "mixed" case such as this, where the city and county are cross-defendants and the named defendants are residents of San Francisco County, the matter does not fall within section 394 and venue in San Francisco County is proper under section 395.

An examination of the language of section 394 is also helpful. While it is true, as argued by petitioners, that the statute refers to *"any action . . .* against the . . . city and county . . . *for injury* occurring within the . . . city and county" (italics added), the cross-complaint in this case is not an action for damages. Rather, it is an action for indemnity and contribution. This view of the language appears to be consonant with the use in the statute of only the words "plaintiff" and "defendant" rather than "cross-complainant" and "cross-defendant," referring to cities, counties and local agencies. ■ "Ordinarily, courts may not extend a statute to

meet cases not within its scope or purview, however meritorious they may be. . . . [¶] The general rule . . . is that the words of a statute should receive their ordinary acceptation and significance, where . . . it is not obvious from the statute that the . . . remedy to be advanced, requires that the construction be limited or enlarged . . . no purpose or motive may be imputed to the legislature which is not supported by the face of the law itself." (73 Am.Jur.2d, Statutes, § 149, p. 353, § 159, p. 362.)

The language of section 394 should not be extended to the facts of the instant case, wherein the city and county are *cross*-defendants; thus respondent did not err by denying petitioners' motions for change of venue.

The alternative writ is discharged and the peremptory writ is denied.

Rattigan, Acting P. J., and Christian, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied April 9, 1979.