[Civ. No. 22066. Third Dist. Feb. 17, 1983.]

SUTTER UNION HIGH SCHOOL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
DORTHA HOLLINGSHEAD et al., Real Parties in Interest.

COUNSEL

Hudak & Pinnell and Jon A. Hudak for Petitioner.

No appearance for Respondent.

Marcus Vanderlaan and Mark D. Millard for Real Parties in Interest.

OPINION

**PUGLIA, P. J.**—Petitioner Sutter Union High School District (district) seeks a writ of mandate to compel the trial court to grant its motion to change venue. Real party in interest, Dortha Hollingshead, a permanent certificated teacher of the district, was dismissed as such employee by determination of a Commission on Professional Competence. (Ed. Code, § 44944, subd. (c)(1).) On December 22, 1981, Hollingshead filed a petition for writ of mandamus in the Sacramento Superior Court naming the district both as a respondent and a real party in interest. (Code Civ. Proc., § 1094.5.) The petition seeks to compel the Commission on Professional Competence (Commission) to set aside its decision. (Ed. Code, § 44945.) On March 8, 1982, the district moved to transfer the case to Sutter County. The court denied the motion, holding that the district failed to show both that Sacramento County was not and that Sutter County was a proper county for trial of the action. The court concluded that Code of Civil Procedure section 394 was applicable and that the Commission, not a nominal party, resided in Sacramento County. We disagree with both conclusions.

The court found that the district is a "local agency" within the meaning of the third sentence of subdivision (1) of section 394 of the Code of Civil Procedure, which states in pertinent part: "Whenever an action or proceeding is brought against a . . . local agency, in any county, . . . other than that in which defendant is situated, the action or proceeding must be, on motion of said defendant . . . [transferred to a neutral county] . . . ." (See *Marin Community College Dist.* v. *Superior Court* (1977) 72 Cal.App.3d 719, 722 [140 Cal.Rptr. 310].) The court concluded that venue in Sacramento as a "neutral county" was proper under the removal provisions of the aforementioned statute and it was therefore a proper county for commencement of the action.

The court misconstrued the statute. The above quoted portion of Code of Civil Procedure section 394 is a removal or change of venue provision. It has no application unless and until an action is commenced under applicable venue rules. (*Dorame* v. *Superior Court* (1978) 81 Cal.App.3d 70, 72 [146 Cal.Rptr. 162]; *County of Riverside* v. *Superior Court* (1968) 69 Cal.2d 828, 831 [73 Cal.Rptr. 386, 447 P.2d 626].) "The individual plaintiff does not have the right initially to [lay venue in] a neutral county merely because he is suing a county." (2 Witkin, Cal. Procedure (2d. ed. 1970) Actions, § 492, p. 1315.)

Venue in a mandamus action brought under Code of Civil Procedure section 1094.5 is governed by Code of Civil Procedure section 393, subdivision (1)(b). (*Lynch* v. *Superior Court* (1970) 7 Cal.App.3d 929, 930-931 [86 Cal.Rptr. 925]; Cal Administrative Mandamus (Cont.Ed.Bar 1966) p. 141.) Section 393 provides, in pertinent part: "(1) Subject to the power of the court to transfer actions and proceedings as provided by this title, the county in which the cause, or

some part thereof, arose, is the proper county for trial in the following actions. . . . (b) Against a public officer or person especially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of said officer. . . ." The governing board of the school district is a public officer within the meaning of section 393 of the Code of Civil Procedure. (See, *Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 541 [91 Cal.Rptr. 57, 476 P.2d 457].) Hollingshead does not contend that the cause arose any place other than Sutter County. Consequently, Sutter County is a proper county for the trial of the action.

Even were the district not a "public officer" within the meaning of Code of Civil Procedure secton 393, subdivision (1)(b), the application of other related venue provisions would yield the same result. The first sentence of Code of Civil Procedure section 394, subdivision (1), provides: "An action against a . . . local agency, may be tried in such county . . . in which such . . . local agency is situated . . . ." In the absence of a specific governing statute, section 395 of the Code of Civil Procedure applies. (*Delgado* v. *Superior Court* (1977) 74 Cal.App.3d 560, 564 [141 Cal.Rptr. 528].) Subdivision (a) of that section provides in relevant part: "Except as otherwise provided by law . . . the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action." Manifestly, Sutter County is a proper county for trial.

Hollingshead contends, and the trial court agreed, that Sacramento is a proper county to commence the action because the Commission on Professional Competence is resident there. (Code Civ. Proc., § 395.) Again we disagree.

First, the Commission is a nominal party whose residence is immaterial for venue purposes. (See *Board of Education* v. *Commission on Professional Competence*█ (Cal.App.).)

Second, the Commission does not reside in Sacramento County. The Commission is a transitory body consisting of one member selected by the governing board, one member selected by the employee and a hearing officer of the Office of Administrative Hearings. (Ed. Code, § 44944, subd. (b).) The Commission is constituted for the limited purpose of conducting an individual hearing pursuant to Education Code section 44944. It makes no more sense to assign the residence of the Commission to Sacramento (the location of the Office of Administrative Hearings) than to assign it to the residence of either of the remaining members of the commission. More properly, the residence of the Commission is the county where the hearing is held, in this case Sutter County.

Pursuant to Education Code section 44944, subdivision (a), the superior court of the county where the hearing is held is granted jurisdiction over discovery proceedings prior to the hearing. We believe that the commission resides in that same county for purposes of venue in a proceeding under Code of Civil Procedure section 1094.5.

Hollingshead vigorously argues *Central Contra Costa Sanitary Dist.* v. *Superior Court* (1978) 84 Cal.App.3d 702 [148 Cal.Rptr. 801], is dispositive of the issue in the instant case. In *Contra Costa,* a San Francisco resident brought an action against a Contra Costa County local agency and another San Francisco resident in San Francisco County. The local agency sought a change of venue pursuant to the mandatory provision of Code of Civil Procedure section 394, subdivision (1). The trial court denied the motion. The Court of Appeal, citing *Delgado* v. *Superior Court,* directed the trial court to grant the motion and transfer the cause to a neutral county, holding that the subordinating language of the first sentence of section 395 rendered that section inapplicable in the face of the mandatory language of section 394, subdivision (1). *Contra Costa* is distinguishable. Here the underlying proceeding was not properly commenced in Sacramento County since, as noted above, no defendant resided there. Consequently, petitioner is entitled to have the action transferred to Sutter County where it resides. (*County of Riverside* v. *Superior Court, supra,* 69 Cal.2d at p. 831.)

Let a writ of mandate issue directing respondent court vacate its order denying and to grant petitioner's motion to transfer the cause to Sutter County.

Regan, J., and Evans, J., concurred.