Opinion
 

 GRIGNON, J.
 

 Petitioner requests that we issue a peremptory writ of mandate, under Code of Civil Procedure section 400, directing respondent court to set aside and vacate its order transferring the instant action to San
 
 *478
 
 Diego County. We conclude that where venue is proper at the residence of a properly joined defendant, a trial court order changing venue to a county which has the “most contacts” with the action is error. Petitioner also requests that we issue a peremptory writ of mandate directing respondent court to set aside and vacate its order imposing sanctions on petitioner for making a motion for reconsideration of respondent court’s order transferring the action to San Diego. We will issue both writs.
 

 Facts and Procedural History
 

 This lawsuit arises out of the construction of the San Diego Convention Center—Phase II (the Project). Petitioner Tutor-Saliba-Perini Joint Venture (TSP) was the general contractor for the Project, which is owned by real party in interest San Diego Unified Port District (the District). TSP has its principal place of business in Los Angeles County.
 

 TSP entered into a subcontract with Ceco Corporation (Ceco), which subcontract contained a forum selection clause. The clause provides that disputes between Ceco and TSP “shall be decided by the appropriate California State Court in the County of Los Angeles.” On May 2, 1990, Ceco sued TSP in the North Valley District of the Los Angeles Superior Court (case No. PC000017). On May 1, 1990, TSP sued Ceco in the Central District of the Los Angeles Superior Court (case No. BC000034). These two cases were consolidated on August 17, 1990, into case No. PC000017.
 

 On September 4, 1990, TSP and its bonding companies filed a 12-count cross-complaint in the consolidated Los Angeles action. The causes of action alleged were: first, breach of written contract against the District and the Convention Center Authority (Authority); second, reasonable value of labor and materials against Roe defendants only; third, professional negligence against the structural engineer, John A. Martin & Associates (Martin),
 
 [1]
 
 and the architects, Convention Center Architects (CCA), Deems, Lewis, McKinley (DLM), Loschky, Marquardt & Nesholm (LMN) and Arthur Erickson Architects (AEA)
 
 [2]
 
 ; fourth, breach of third party beneficiary contract against the architects; fifth, breach of third party beneficiary contract against the
 
 *479
 
 Project’s General Manager, Fluor Constructors (Fluor)
 
 [3]
 
 ; sixth, professional negligence against Fluor; seventh, interference with contractual relationship against Fluor; eighth, equitable indemnity against all cross-defendants; ninth, comparative indemnity against all cross-defendants; tenth and eleventh, for declaratory relief; and twelfth, contribution against all cross-defendants.
 

 On or about January 8, 1991, the District, without filing an answer to the cross-complaint, filed a motion for change of venue claiming that because venue on the cross-complaint was improper in Los Angeles County, the entire action should be transferred to San Diego County. In the alternative, the District moved that the cross-complaint be severed and the cross-action be transferred to San Diego County. All cross-defendants joined in the District’s motion except Fluor, which opposed it. No answers to the cross-complaint were filed by cross-defendants. Ceco informed the court that it had no objection to the transfer to San Diego.
 

 The District’s motion was based on two grounds. First, the District contends that the cross-action should be transferred to San Diego County because, as to the first (breach of contract) and fifth (breach of third party beneficiary contract) causes of action of the cross-complaint, the contract allegedly breached was entered into and performed in that county. Secondly, the District asserted that the action should be transferred to San Diego County pursuant to Code of Civil Procedure section 394, subdivision (1), which provides for transfer of certain injury actions involving a city, county, or locad agency.
 

 Respondent court granted the District’s motion for change of venue and stayed all other pending motions until they could be heard “by the court with the most contacts to the case—San Diego.” The court stated in its minute order: “Venue is proper [in] San Diego in that [the general] contract was entered into there, agreement was executed in San Diego, work was in San Diego, and a public local agency was brought into this case who resides in San Diego. All contacts are in San [Diego], and though there was a venue provision [in the Ceco-TSP subcontract], that provision only viable to parties to the provision, and when others are brought into the case, then most contacts is to prevail.”
 

 TSP filed a timely motion for reconsideration. While that motion was pending, TSP filed a petition for writ of mandate challenging the order
 
 *480
 
 granting the motion for change of venue.
 
 [4]
 
 Respondent court denied the motion for reconsideration and sanctioned TSP $525 for filing a “frivolous motion.”
 

 We conclude that respondent court erred in granting the motion for change in venue, and that TSP’s motion for reconsideration was well-founded and not frivolous. Accordingly, both petitions are granted.
 

 Discussion
 

 Venue
 

 Under the general rule of venue, set forth in Code of Civil Procedure section 395, “[e]xcept as otherwise provided by law, ... the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action.” On an action on a contract, venue is proper in the county of a defendant’s residence or the county where the contract is entered into or performed. (Code Civ. Proc., § 395.)
 

 A number of causes of action may be joined in the same complaint. (Code Civ. Proc., § 427.10.) It is not necessary that each defendant be included in every cause of action. (Code Civ. Proc., § 379, subd. (b).) Where venue is proper
 
 in the county in which one of the defendants resides,
 
 as to one cause of action, venue is proper in that county as to all properly joined causes of action and defendants. Plaintiff’s selection of venue may not be defeated even if all the defendants concur in a motion to change venue to a county in which another defendant resides.
 
 (Monogram Co.
 
 v.
 
 Kingsley
 
 (1951) 38 Cal.2d 28 [237 P.2d 265].)
 
 [5]
 
 This rule is applicable even if some of the causes of action name only nonresidents, although a resident defendant is named in others.
 

 The cross-complaint contains 12 causes of action, some sounding in contract and others in tort. The cross-complaint names a number of defendants. Martin, the structural engineer, is a resident of Los Angeles County and is a named defendant in the third cause of action for professional negligence. Venue as to the third cause of action is, therefore, proper in Los Angeles County, the residence of one of the defendants. Similarly, AEA has its principal place of business in Los Angeles County and is a named defendant
 
 *481
 
 in the third, for professional negligence, and fourth, for breach of third party beneficiary contract, causes of action. Accordingly, venue is proper in Los Angeles County as to the fourth cause of action. There is no contention that Martin and AEA were not properly joined as cross-defendants.
 

 We conclude that under well-established venue principles, venue for the entire cross-complaint is properly in Los Angeles County, and cross-defendants may not defeat cross-complainant TSP’s selection of venue even if they all concur in the request for transfer.
 
 [6]
 
 We note that venue would also be proper in San Diego. That does not, however, compel a conclusion that the case may properly be transferred to San Diego.
 

 Code of Civil Procedure Section 394
 

 In general, actions against local agencies are subject to the same principles of venue that apply in actions against nongovernmental persons. However, in actions against local agencies, based on negligent injury to a person or property by the local agency or its agents or employees, venue is proper in the county in which the agency resides if the injury occurred there. (Code Civ. Proc., § 394.) Under certain circumstances, when a local agency is joined with other nongovernmental defendants, the mandatory provisions of section 394’s negligence rule supersede the general provisions of section 395. An action must be transferred to the local agency’s county if the requirements of section 394 are met, even if venue is properly situated in a county where another defendant resides.
 
 (Delgado
 
 v.
 
 Superior Court
 
 (1977) 74 Cal.App.3d 560 [141 Cal.Rptr. 528].)
 
 [7]
 

 In this case, it is undisputed that the District is a local agency within the meaning of section 394. However, the District was not sued by TSP for injury to a person or property occurring in the county in which the agency resides. The District was sued by TSP for breach of contract, indemnity, and contribution. The breach of contract cause of action is clearly not an action based on negligent injury.
 
 [8]
 
 Nor is a cross-complaint for
 
 *482
 
 indemnification an action for negligence.
 
 (City of Chico
 
 v.
 
 Superior Court
 
 (1979) 89 Cal.App.3d 187 [152 Cal.Rptr. 380].)
 

 The District argues that since the cross-complaint alleges that each cross-defendant is the agent of the other, the sixth cause of action against Fluor for negligence is a cause of action against the District for negligent injury within the meaning of section 394. We are not persuaded by this argument. First, the District is not sued for negligence. Fluor’s actions, as its alleged agent, might affect the District’s liability for breach of contract. However, it has not been alleged that the District is negligent through the acts of its alleged agent, Fluor. Second, the injury referred to in section 394 refers to tangible injury to person or property. It does not refer to mere economic loss. The cross-complaint alleges no injury to person or property occurring in the County of San Diego.
 

 Forum Non Conveniens
 

 The District is not without other remedies here. Code of Civil Procedure section 397, subdivision 3, provides that respondent court may, on motion, change the place of trial “[w]hen the convenience of witnesses and the ends of justice would be promoted by the change.” Respondent court may entertain such a motion after the District has answered the cross-complaint.
 
 (Buran Equipment Co., Inc.
 
 v.
 
 Superior Court
 
 (1987) 190 Cal.App.3d 1662, 1665 [236 Cal.Rptr. 171].) Such a motion must, of course, be supported by competent evidence. (See
 
 Lieppman
 
 v.
 
 Lieber
 
 (1986) 180 Cal.App.3d 914, 919 [225 Cal.Rptr. 845]); Weil & Brown, Cal. Practice Guide—Civil Procedure Before Trial, ][ 3:289; L.A. Super. Ct. Law Dept. Policy Manual § 273.) The moving parties have the burden of negativing plaintiff’s choice of venue.
 
 (Buran Equipment Co., Inc., supra,
 
 at p. 1667.)
 
 [9]
 

 Motion for Reconsideration/Imposition of Sanctions
 

 Respondent court imposed sanctions against TSP for bringing a “frivolous” motion for reconsideration because TSP’s motion was not based “upon an alleged different set of facts” (Code Civ. Proc., § 1008, subd. (a)), and respondent court believed the motion was merely an attempt by TSP to further delay the proceedings.
 

 
 *483
 
 Respondent court had the inherent power to reconsider its ruling granting the motion for change of venue, even though the motion for reconsideration did not present a different set of facts.
 
 (Blue Mountain Development Co.
 
 v.
 
 Carville
 
 (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594];
 
 Lopez
 
 v.
 
 Larson
 
 (1979) 91 Cal.App.3d 383, 392 [153 Cal.Rptr. 912].) The motion was in fact another attempt by TSP to persuade respondent court that its ruling was erroneous, which it was. Under these circumstances, respondent court’s conclusion that the motion was frivolous and brought solely for the purpose of delay was clearly an abuse of discretion.
 

 Conclusion
 

 On June 20, 1991, we notified the parties that we were considering the issuance of a peremptory writ in the first instance.
 
 (Palma
 
 v.
 
 U.S. Industrial Fasteners, Inc.
 
 (1984) 36 Cal.3d 171, 180-181 [203 Cal.Rptr. 626, 681 P.2d 893].) Both the District and CCA filed responses to the petition on July 5, 1991. A similar order was filed in No. B059654 on July 17, 1991. The District filed a response on July 26, 1991.
 

 As there is not a plain, speedy and adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088.)
 

 Disposition
 

 In B057076, let a peremptory writ of mandate issue directing respondent court to vacate that portion of its order of March 1, 1991, granting the motion of cross-defendant San Diego Unified Port District for change of venue and enter a new and different order denying the motion.
 

 In B059654, let a peremptory writ of mandate issue directing respondent court to vacate that portion of its order of April 26, 1991, directing TutorSaliba-Perini to pay sanctions in the amount of $525.
 
 [10]
 

 Each party shall bear its own costs.
 

 Turner, P. J., and Ashby, J„ concurred.
 

 The petition of real parties in interest for review by the Supreme Court was denied November 21, 1991.
 

 [1]
 

 Martin is a resident of Los Angeles County.
 

 [2]
 

 The District hired a consortium of architects to provide design and construction services for the Project. This consortium, CCA, was comprised of DLM, LMN and AEA. CCA’s principal place of business is in San Diego. DLM is located in San Diego. LMN is a Washington partnership. AEA is a California corporation with its principal place of business in Los Angeles County.
 

 [3]
 

 Fluor has its principal place of business in Orange County.
 

 [4]
 

 TSP was required to file the petition within 20 days of the court’s ruling. (Code Civ. Proc., § 400.)
 

 [5]
 

 Other rules are applicable if plaintiff brings suit in a county in which none of the defendants reside.
 
 (Monogram Co., supra,
 
 38 Cal.2d at p. 31;
 
 Jhirmack Enterprises, Inc.
 
 v.
 
 Superior Court
 
 (1979) 96 Cal.App.3d 715 [158 Cal.Rptr. 192];
 
 Brown
 
 v.
 
 Superior Court
 
 (1984) 37 Cal,3d 477, 488 [208 Cal.Rptr. 724, 691 P.2d 272];
 
 Mitchell
 
 v.
 
 Superior Court
 
 (1986) 186 Cal.App.3d 1040, 1046 [231 Cal.Rptr. 176].)
 

 [6]
 

 Cross-defendant Fluor expressly opposed the motion to change venue to San Diego.
 

 [7]
 

 Section 394 also provides for a removal procedure to a neutral county, once venue is properly set in an appropriate county. The District has expressly not requested that venue be changed to a neutral county. The District requested a change of venue to San Diego County. Therefore, these removal provisions are not in issue.
 

 [8]
 

 TSP timely filed a government claim with the District prior to filing the cross-complaint in this case. The District argues that the governmental claim alleges negligence on its part and that the breach of contract action is really a disguised negligence action. The allegations of
 
 *482
 
 the government claim are irrelevant for purposes of determining venue, since the nature of the cause of action is ascertained from the complaint alone.
 
 (Peiser
 
 v.
 
 Mettler
 
 (1958) 50 Cal.2d 594, 601 [328 P.2d 953, 74 A.L.R.2d 1].)
 

 [9]
 

 Further, as the District correctly contends in its opposition to the petition, respondent court may still entertain the District’s motion for severance which was placed off calendar when the motion for change of venue was granted.
 

 [10]
 

 In view of our ruling in B057076, the court’s ruling on TSP’s motion for reconsideration is moot.