[No. C017973. Third Dist. Nov. 23, 1994.]

OHIO CASUALTY INSURANCE GROUP, Petitioner, v.
THE SUPERIOR COURT OF SISKIYOU COUNTY, Respondent;
BUTTE VALLEY UNIFIED SCHOOL DISTRICT, Real Party in Interest.

## Counsel

Leslie, Powell & Morey, Robert E. Leslie and Donald F. Morey for Petitioner.

No appearance for Respondent.

Kronick, Moskovitz, Tiedemann & Girard, James P. Wiezel and Lyle W. Cook for Real Party in Interest.

## Opinion

**SIMS, Acting P. J.**—Baker Construction Company (Baker) sued real party in interest Butte Valley Unified School District (District) in superior court in Siskiyou County, where the District is situated, claiming balances due on a construction project completed for the District. The District filed a cross-complaint against Baker in the same court for breach of contract and fraud based on alleged construction defects; the District also named Baker's insurer, petitioner Ohio Casualty Insurance Group (Ohio Casualty), as a cross-defendant, seeking damages based on Ohio Casualty's performance bonds.

Ohio Casualty moved for a change of venue to a neutral county pursuant to Code of Civil Procedure section 394.[1] (All subsequent undesignated section references are to the Code of Civil Procedure.) The trial court denied the motion by minute order.

---

[1]Code of Civil Procedure section 394 provides, as relevant:

"(1) An action or proceeding against a county, or city and county, a city, or local agency may be tried in such county, or city and county, or the county in which such city or local agency is situated, unless such action or proceeding is brought by a county, or city and county, a city, or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is situated. Whenever an action or proceeding is brought by a county, city and county, city, or local agency within a certain county, or city and county, against a resident of another county, city and county, or city, or a

Ohio Casualty petitioned this court for a writ of mandate directing the superior court to set aside its order denying the change of venue motion and to enter a new order granting the motion. We summarily denied the petition. Ohio Casualty then petitioned the California Supreme Court for review. The Supreme Court granted the petition and transferred the matter to this court with directions to vacate our order denying mandate and to issue an alternative writ; we did so.

We now issue a peremptory writ directing the superior court to vacate its order denying petitioner's motion for change of venue and to enter a new order granting the motion.

## DISCUSSION

■ At the outset, we note that a party seeking to change venue under section 394 must show that the action was originally filed in a proper county and that the motion to change venue was timely. (§§ 394, 395; *Sutter Union High School Dist.* v. *Superior Court* (1983) 140 Cal.App.3d 795, 797 [190 Cal.Rptr. 182]; *Adams* v. *Superior Court* (1964) 226 Cal.App.2d 365, 367 [38 Cal.Rptr. 164].) ■ Here, these points are undisputed. Likewise, the District concedes that it is a "local agency" against which a section 394 motion may be brought (see *Marin Community College Dist.* v. *Superior Court* (1977) 72 Cal.App.3d 719, 722 [140 Cal.Rptr. 310]) and that Ohio

corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, or a local agency, and other than that in which the defendant resides, or is doing business, or is situated. Whenever an action or proceeding is brought against a county, city and county, city, or local agency, in any county, or city and county, other than the defendant, if the defendant is a county, or city and county, or, if the defendant is a city, or local agency, other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the plaintiff county, or city and county, or county in which such plaintiff city or local agency is situated, and other than the defendant county, or city and county, or county in which such defendant city or local agency is situated; provided, however, that any action or proceeding against the city, county, city and county, or local agency for injury occurring within the city, county, or city and county, or within the county in which such local agency is situated, to person or property or person and property caused by the negligence or alleged negligence of such city, county, city and county, local agency, or its agents or employees, shall be tried in such county, or city and county, or if a city is a defendant, in such city or in the county in which such city is situated, or if a local agency is a defendant, in such county in which such local agency is situated. . . .

"(2) Any court in a county hereinabove designated as a proper county, which has jurisdiction of the subject matter of the action or proceeding, is a proper court for the trial thereof.

"(3) For the purposes of this section, 'local agency' shall mean any governmental district, board, or agency, or any other local governmental body or corporation . . . ."

Casualty is not a "corporation doing business" in Siskiyou County, which would be barred from bringing a section 394 motion in that county (*Westinghouse Electric Corp.* v. *Superior Court* (1976) 17 Cal.3d 259, 268-271 [131 Cal.Rptr. 231, 551 P.2d 847]). Thus the only alleged bar to Ohio Casualty's motion is its status as a *cross*-defendant.

Immediately at issue is the following provision of section 394: "Whenever an *action or proceeding* is brought by a county, city and county, city, or local agency within a certain county, or city and county, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county, or city and county, other than the *plaintiff*, if the *plaintiff* is a county, or city and county, and other than that in which the *plaintiff* is situated, if the *plaintiff* is a city, or a local agency, and other than that in which the *defendant* resides, or is doing business, or is situated." (Italics added.)

Apparently relying on *City of Chico* v. *Superior Court* (1979) 89 Cal.App.3d 187 [152 Cal.Rptr. 380], the trial court concluded section 394 was inapplicable because the District was a cross-complainant, not a "plaintiff," and Ohio Casualty was a cross-defendant, not a "defendant." For reasons that follow, we shall conclude *City of Chico* misconstrued the statute.

In construing statutes, we must give their words the meaning they bear in ordinary use. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Statutes in pari materia are to be read together and harmonized to the extent possible. (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 91 [255 Cal.Rptr. 670, 767 P.2d 1148].) Where a statute could theoretically be construed in more than one way, we choose that construction which most comports with the intent of the Legislature. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) These familiar principles of construction support Ohio Casualty's position, as we shall show.

" '[P]laintiff' is commonly understood by both the legal community and the general public to mean 'the complaining party in any litigation . . . .' (Webster's New Internat. Dict. (3d ed. 1965) p. 1729; see also Black's Law Dict. (6th ed. 1990) p. 1150)." (*City of Sanger* v. *Superior Court* (1992) 8 Cal.App.4th 444, 448 [10 Cal.Rptr.2d 436].)

A cross-complaint is generally considered to be a separate action from that initiated by the complaint. (§ 428.10 [cross-complainant may set forth *any* cause of action against any party who filed complaint or cross-complaint

against him, *or* any cause of action against a person *not already a party to action* if cross-complainant's cause of action arises out of same transaction as original complaint or asserts claim, right, or interest in subject of that complaint]; *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 51-52 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Glenwood Homeowners Assn., Inc.* v. *Prosher Development Ltd.* (1980) 111 Cal.App.3d 1002, 1005-1007 [169 Cal.Rptr. 48]; *Botsford* v. *Pascoe* (1979) 94 Cal.App.3d 62, 67-68 [156 Cal.Rptr. 177]; see also Cal. Law Revision Com. com., 14A West's Ann. Code Civ. Proc. (1971 ed.) § 428.20, p. 228 [joinder of person as cross-party], setting forth "the general principle that a cross-complaint is to be treated as if it were a complaint in an independent action.") Thus, the common understanding of "plaintiff"—i.e., " 'the complaining party in any litigation' " (*City of Sanger* v. *Superior Court, supra*, 8 Cal.App.4th at p. 448)—necessarily includes "cross-complainant," a proposition which logically implies that "defendant" also includes "cross-defendant."

Moreover, the terms "plaintiff" and "defendant" have been construed to include "cross-complainant" and "cross-defendant" in a related venue statute, section 396 (transfer of case when filed in court lacking jurisdiction). (*Eveleth* v. *American Brass & Iron Foundry* (1962) 203 Cal.App.2d 41, 46-47 [21 Cal.Rptr. 95]; *Bank of America* v. *Carr* (1956) 138 Cal.App.2d 727, 738 [292 P.2d 587].) This judicial construction of these terms in section 396, to which the Legislature has acquiesced, is a powerful argument for construing them the same way in section 394. (*Title Ins. & Trust Co.* v. *County of Riverside, supra*, 48 Cal.3d at p. 91.)

Finally, the intent underlying section 394 indicates that the parties to a cross-action, like the parties to an original action, should be able to move for change of venue. "The purpose of section 394 is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds. . . . As the statute is remedial in its purpose, it should receive a liberal construction which will promote rather than frustrate the policy behind the law." (*Westinghouse Electric Corp.* v. *Superior Court, supra*, 17 Cal.3d at p. 266, citations and internal quotation marks omitted.) Since "local prejudices . . . in favor of litigants within a county as against those from without" may work as vigorously against cross-defendants as against defendants, the remedial purpose of section 394 appears to be best served by a liberal construction which would extend the statute's protection to cross-defendants.

However, the court in *City of Chico* v. *Superior Court, supra*, 89 Cal.App.3d 187 held, on the facts presented there, that "defendant" in

section 394 must be construed strictly so as to exclude cross-defendants. (89 Cal.App.3d at pp. 190-192.)

The portion of section 394 at issue in *City of Chico* is its so-called "home county" provision (italics added): ". . . [A]ny action or proceeding against [a] city, county, city and county, or local agency for injury occurring within the city, county, or city and county, or within the county in which such local agency is situated, to person or property or person and property caused by the negligence or alleged negligence of such city, county, city and county, local agency, or its agents or employees, shall be tried in such county, or city and county, or if a city is a *defendant*, in such city or in the county in which such city is situated, or if a local agency is a *defendant*, in such county in which such local agency is situated."

In *City of Chico*, plaintiffs filed suit in San Francisco County Superior Court against Southern Pacific Transportation Company (SP), a resident of San Francisco County, for personal injury and property damage stemming from a vehicular collision between one of the plaintiffs and an employee of defendant SP occurring in the City of Chico, located in Butte County. SP cross-complained for indemnity against the City of Chico and the County of Butte, alleging that their negligence caused plaintiff's injuries. The city and the county moved for a change of venue to Butte County Superior Court pursuant to the "home county" provision of section 394. After the motion was denied, the city and county petitioned the appellate court for a writ of mandate. (89 Cal.App.3d at p. 189.) The appellate court affirmed the trial court's ruling on several different grounds.

As pertinent here, the court quoted language from *Peiser* v. *Mettler* (1958) 50 Cal.2d 594, 601 [328 P.2d 953, 74 A.L.R.2d 1], and *Kaluzok* v. *Brisson* (1946) 27 Cal.2d 760, 762 [167 P.2d 481, 163 A.L.R. 1308], to the effect that in a change of venue proceeding the nature of the action must be ascertained from "the complaint" (*City of Chico* v. *Superior Court, supra,* 89 Cal.App.3d at pp. 190-191); then the court concluded that a literal construction of the terms "plaintiff" and "defendant" in section 394 "is in complete accord with the rule" stated in *Peiser, supra,* and *Kaluzok, supra. (City of Chico* v. *Superior Court, supra,* 89 Cal.App.3d at p. 191.) But since no cross-complaint was filed in those cases (*Peiser, supra,* 50 Cal.2d at pp. 599-601; *Kaluzok, supra,* 27 Cal.2d at pp. 762-763), it is unclear why the court considered their statements of black-letter law relevant to the question before it, let alone dispositive.

The court also turned to the language of section 394. The court noted first that the cross-complaint at issue in the case was not an "action . . . for

injury," the type of action specified in the portion of the statute the city and county relied on, but rather an action for indemnity and contribution. (*City of Chico* v. *Superior Court, supra,* 89 Cal.App.3d at p. 191.) Then the court added obscurely: "This view of the language appears to be consonant with the use in the statute of only the words 'plaintiff' and 'defendant' rather than 'cross-complainant' and 'cross-defendant,' referring to cities, counties, and local agencies." (*City of Chico, supra,* 89 Cal.App.3d at p. 191.) Lastly, the court cited the rule of construction that requires the words of a statute to be given their ordinary meaning unless some legislative intent to the contrary appears, then averred without further analysis or authority that the ordinary meaning of "defendant" does not include "cross-defendant." Thus, in the court's view, "[t]he language of section 394 should not be extended to the facts of the instant case, wherein the city and county are *cross*-defendants . . . ." (*City of Chico, supra,* 89 Cal.App.3d at p. 192, italics in original.)

Although *Westinghouse Electric Corp.* v. *Superior Court, supra,* 17 Cal.3d 259, a Supreme Court opinion commanding a liberal construction of section 394, had recently been decided when *City of Chico* appeared, *City of Chico* does not cite it. Nor does the court in *City of Chico* note the line of cases construing "plaintiff" and "defendant" broadly in section 396. (*Eveleth* v. *American Brass & Iron Foundry, supra,* 203 Cal.App.2d at pp. 46–47; *Bank of America* v. *Carr, supra,* 138 Cal.App.2d at p. 738.) Finally, in asserting that "defendant" does not commonly mean "cross-defendant," the court ignores the preexisting authorities holding that a cross-complaint is commonly understood to be a separate action from the original complaint (*Bertero* v. *National General Corp., supra,* 13 Cal.3d at pp. 51–52; Cal. Law Revision Com. com., 14A West's Ann. Code Civ. Proc. (1971 ed.) § 428.20, p. 228)—a proposition which, as we have explained, logically implies that the terms "plaintiff" and "defendant" commonly include "cross-complainant" and "cross-defendant."

We conclude the interpretation of section 394 set forth in *City of Chico,* excluding cross-complainants and cross-defendants from the benefits of the statute, is erroneous and respectfully decline to follow it.

The District further contends that "the meaning and purpose of section 394 will be altered" if nonresident plaintiffs, codefendants, or third party defendants opposing local agencies were allowed to change venue simply because a local agency has filed a cross-complaint. We fail to see why. The "meaning and purpose" of section 394, as we have noted, is to avoid local prejudice in favor of a city, county, or local agency by permitting the transfer of a case involving such entities to a neutral county. (*Westinghouse Electric Corp.* v. *Superior Court, supra,* 17 Cal.3d at p. 266.)

The District also contends: "If [a] local agency is entitled to be sued in its home county, and cannot be compelled to file a cross-complaint in another county in the first place, a rule of mandatory transfer to another county of the entire case deprives the local agency either of its venue rights or of its right to file a cross-complaint by way of defense or recovery over." (Emphasis in original.) But a local agency's "entitlement" to be sued in its home county, if any, derives from the general venue provisions defining the proper county for bringing suit (§§ 392-395), which do not bar motions for change of venue thereafter; indeed, these provisions must be complied with before a party may move to change venue under section 394. (*Sutter Union High School Dist.* v. *Superior Court, supra,* 140 Cal.App.3d at p. 797.) ■ There is no "venue right" to force a lawsuit to remain in the county where it was brought, even if that county is a proper county for bringing the suit. ■ Moreover, contrary to the District's view, the entire lawsuit will not necessarily be transferred in every case where a cross-defendant's section 394 motion is granted: if the case involves both a resident and a nonresident cross-defendant, the trial court may order a severance and a separate transfer solely for the nonresident cross-defendant. (See *Westinghouse Electric Corp.* v. *Superior Court, supra,* 17 Cal.3d at pp. 277-278.) Finally, the District's assertion that a local agency would somehow be prevented from filing a cross-complaint if it were subject to a change-of-venue motion is unsupported by reasoning or authority.

The District contends further that Ohio Casualty's rights to seek a venue change are sufficiently protected by section 397, subdivision (b), which provides for a change of venue from the county where suit was filed "[w]hen there is reason to believe that an impartial trial cannot be had therein." ■ But this provision requires a showing of actual prejudice to the moving party, and whether the showing has been made is left to the discretion of the trial court. (*Paesano* v. *Superior Court* (1988) 204 Cal.App.3d 17, 21 [250 Cal.Rptr. 842]; *People* v. *Ocean Shore Railroad, Inc.* (1938) 24 Cal.App.2d 420, 426-427 [75 P.2d 560].) ■ Under section 394, by contrast, prejudice is presumed and the granting of the motion is mandatory unless the trial court finds that the nonmoving party would suffer actual prejudice from the requested change of venue. (*Westinghouse Electric Corp.* v. *Superior Court, supra,* 17 Cal.3d at p. 266; *Paesano, supra,* 204 Cal.App.3d at pp. 20-21.) A moving party need not be required to assume the burden of showing actual prejudice under section 397 if it comes within section 394, as Ohio Casualty does.

■ Lastly, the District contends that the result sought by Ohio Casualty would "invite confusion and usurp the Legislature's power to enact laws," because if "plaintiff" and "defendant" are held to include "cross-complainant" and "cross-defendant" in section 394 the Legislature will be forced in

the future to insert a limiting definition into every statute that uses the terms "plaintiff" or "defendant" unless it intends the broader meaning each time. We do not share the District's alarm. As we have explained, the common understanding of "plaintiff" and "defendant" already encompasses the broader definitions contended for by Ohio Casualty. If the Legislature wishes to narrow the meanings of these terms in a particular statute, we trust that it knows how to do so.

### DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying Ohio Casualty's motion for change of venue and to make a new order granting the motion.

Davis, J., and Raye, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied February 2, 1995.